UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JAMES HOLMES, JR., | 2:12-cv-00273-KJD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| ANDRE AGASSI COLLEGE PREP ACADEMY, *et al.,* | |
| Defendant. | |

Before the court are plaintiff James Holmes, Jr.'s *Ex Parte* Motion to Extend Time to Serve Summons and Complaint Upon Defendants (#11), ERRATA to the *Ex Parte* Motion (#12), and *Ex Parte* Motion to Extend Time to Serve Summons and Complaint Upon Defendants (#13)[1].

**Motion to Extend Time for Service**

    A.    **Relevant Facts**

Plaintiff asserts in his motion that the original complaint (#1), which was filed on February 21, 2012, was drafted and filed by counsel's associate. (#11). The associate named Andre Agassi College Prep Academy (hereinafter "College Prep Academy") as a defendant, but inadvertently failed to name the defendant-corporation Andre Agassi Foundation for Education (hereinafter "Foundation"). *Id.* When counsel took over the case and realized the mistake, he amended the complaint and sent the amended complaint for service on the registered agent for the Foundation. *Id.* Service of the amended

---

[1] Plaintiff filed his *ex parte* motion on June 22, 2012. (#11). On June 25, 2012, plaintiff filed an ERRATA to the motion, attaching Exhibit A, which was inadvertently omitted from the original motion. (#12). On the same day, plaintiff filed a second ERRATA, which is identical to the earlier filed ERRATA, but was filed as an *ex parte* motion instead of an ERRATA. (#13).

complaint was effectuated upon the registered agent for the Foundation, Bailey Kennedy, LLP, on June 15, 2012. (#8). Counsel asserts that his assistant erroneously thought the amended complaint had been filed when service was effectuated. (#11).

When counsel realized that the amended complaint had not been filed, he attempted to serve defendant College Prep Academy with the original complaint (#1) on June 20, 2012, the last day to effectuate service of the original complaint. *Id.* According to the affidavit of due diligence filed in the ERRATA (#12 and #13 Exhibit A), the process server attempted service on Bailey Kennedy, LLP, and Dennis Kennedy advised that his firm did not represent the College Prep Academy and was not authorized to accept service for the defendant. Plaintiff filed the amended complaint on June 21, 2012, naming the Foundation and the College Prep Academy as defendants. (#9). Counsel asserts that he "did not anticipate any problem with the registered agent accepting service on a d/b/a," and that his office is "in the process of serving the file-stamped Amended Complaint and...are asking for an extension of time to serve in order to effectuate that service." (#11).

B.  **Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 120-day time limit imposed by Rule 4(m) expires 120 days after the *first* complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 120–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.*

The court has broad discretion when determining whether to extend time for service of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess? Inc.,* 366 F.3d 767 (9th

Cir. 2004). If the court does not find good cause to extend time for service as contemplated under Rule 4(m), the court may extend time for service upon a showing of excusable neglect. *Lemoge v. U.S.,* 587 F.3d 1188, 1198 (9th Cir. 2009) (*citing In re Sheehan*, 253 F.3d 507, 512-14 (9th Cir.2001)). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Id*. The district court may extend time for service of process retroactively after the 120-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

   C.   Discussion

Plaintiff's original complaint, naming only the College Prep Academy as a defendant, was filed on February 21, 2012. (#1). The deadline to effectuate service of process was June 20, 2012. *Id;* Fed. R. Civ. P. 4(m). On June 20, 2012, plaintiff attempted service upon College Prep Academy, but the summons was returned un-executed. (#10). Although Plaintiff filed the amended complaint (#9) on June 21, 2012, adding the Foundation as a defendant, the filing of this amended complaint only reset the 4(m) deadline for the Foundation, and not for College Prep Academy. *See Bolden*, 441 F.3d at 1148. The 4(m) deadline to effectuate service upon the Foundation is October 19, 2012[2]. (#9). Plaintiff has not demonstrated that he is unable to effectuate service upon the Foundation by the October 19, 2012, deadline, and the court will not extend this deadline. (#11); Fed. R. Civ. P. 4(m). The time to effectuate service upon the College Prep Academy has expired, and plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R.

---

[2] Plaintiff served defendant the Foundation with the amended complaint on June 20, 2012. (#8). The amended complaint was not filed until June 21, 2012, and service of the amended complaint is therefore improper. Fed. R. Civ. P. 4(m)(service must be served within 120 days after the complaint is filed).

Civ. P. 4(m); *Lemoge,* 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

The court finds that excusable neglect warrants extending the service of process deadline, and that the *Lemoge* factors also weigh in favor of granting such an extension. *See Lemoge,* 587 F.3d at 1198; *Boudette*, 923 F.2d at 756. Plaintiff attempted to serve the College Prep Academy, but was mistaken in his belief that Bailey Kennedy, LLP, was authorized to accept service. (#11). The process server asserts in his affidavit that he has "conducted a diligent search" but was "unsuccessful in locating anyone authorized to accept service of process" for defendant College Prep Academy. (#10). Counsel submits to the court that his office "exercised due diligence," but missed the 4(m) deadline by two days. (#11). The court finds that this amounts to "excusable neglect." *Lemoge,* 587 F.3d at 1198; *In re Sheehan*, 253 F.3d at 512-14.

With regard to the *Lemoge* factors, the corporate defendant, the Foundation, received actual notice of the lawsuit on June 15, 2012[3]. (#8); *See Lemoge,* 587 F.3d at 1198; *Boudette*, 923 F.2d at 756. As the amended complaint (#9) was filed on June 21, 2012, neither defendant has been properly served, and no responsive pleading has been filed, the defendants will not suffer any prejudice as a result of the extension. *Id.* In plaintiff's complaint, he asserts claims under Title VII and the Age Discrimination in Employment Act of 1967. (#1 and #9). Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on March 7, 2011, and received a right to sue letter on November 21, 2011. *Id.* Plaintiff is required to commence a civil action within ninety days of receipt of the notice to sue letter. 42 U.S.C. § 2000e-5(f)(1) (stating that within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge). Plaintiff's original complaint was timely filed on February 21, 2011. (#1). If the court dismisses the complaint for

---

[3] Either College Prep Academy and Foundation are separate entities or College Prep Academy is the dba of Foundation. The October 19, 2012, deadline applies in the former situation, but not the latter. However, if College Prep Academy is the dba of Foundation, then Foundation also received notice of the lawsuit on June 20, 2012, when service of the original complaint was attempted on Bailey Kennedy.

4

failure to serve the defendants within 120 days pursuant to Rule 4(m), plaintiff's claims will be time-barred, as the ninety-day deadline has expired. *See* 42 U.S.C. § 2000e(f)(1).  Plaintiff would be unable to re-file his claims, causing severe prejudice. *Id*.  The court finds that, in light of the prejudice that would result, it would be an abuse of discretion to deny the motion for extension and dismiss the complaint. *See Lemoge,* 587 F.3d at 1198; *Boudette*, 923 F.2d at 756.

    Accordingly and for good cause shown,

    IT IS ORDERED that plaintiff James Holmes, Jr.'s *Ex Parte* Motion to Extend Time to Serve Summons and Complaint Upon Defendants (#11) is GRANTED.  Plaintiff must file proof of service for defendant College Prep Academy on or before July 20, 2012.

    IT IS FURTHER ORDERED that plaintiff's *Ex Part* Motion to Extend Time to Serve Summons and Complaint Upon Defendants (#13) is STRICKEN, as duplicative.

    DATED this 9th day of July, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE